IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN M. WYATT,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.                                               No. 06-0322-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

    **I. Introduction, Background and Procedural History**

Now before the Court is John M. Wyatt's petition/motion for relief under **28 U.S.C. § 2255** (Docs. 1 & 4) and various motions for relief filed by Wyatt. The Government opposes the petition/motion. Having closely examined the record before it, the Court concludes that an evidentiary hearing is not needed in this matter. **See *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002)("for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner [has] actual proof of the allegations going beyond mere unsupported assertions"); *Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000)(hearing not required where record conclusively demonstrates that a defendant is entitled to no relief on § 2255 motion); *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir.)(court need not hold**

evidentiary hearing to decide § 2255 claims that raise factual matters capable of being resolved on the existing record), *cert. denied*, 506 U.S. 976 (1992). *See also*, Rules 4(b) and 8(a) of RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989)(judge should dismiss § 2255 petition without hearing, if it appears from the facts of the motion, exhibits, and prior proceedings in the case that the movant is not entitled to relief). Thus, the Court denies Wyattt's motions for hearing (Docs. 18 & 23).

Further, the Court denies Wyatt's motion for appointment of counsel (Doc. 18). Whether to appoint an attorney to represent an indigent § 2255 petitioner is within the sound discretion of the district judge. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). There is absolutely no right to appointment of counsel unless the absence would result in fundamental fairness impinging on due process rights, *Winsett*, 130 F.3d at 281 (citing *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever ... the court determines the interest of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section ... 2255 of title 28."). Counsel is required to be appointed only "'if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *Id.* (quoting *Forbes*

***v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997))**. The Court also has inherent authority to appoint counsel to ensure orderly prosecution of litigation in the district.

After reviewing Wyatt's petition, the Court finds that Wyatt is well able to articulate the contours of his arguments and obtain justice without an attorney, and further, that the absence of counsel will not result in an unfair proceeding impinging on Wyatt's due process rights. In essence, the results would be no different had Wyatt had counsel. Accordingly, the Court denies Wyatt's motion for appointment of counsel (Doc. 18).

On May 24, 2004, Wyatt entered a plea of guilty, pursuant to a conditional plea agreement, to possession with the intent to distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) (**United States v. Wyatt, 02-30060-DRH; Docs. 31 & 32**). The conditional plea agreement specifically reserved the right to appeal the Court's denial of Wyatt's motion to suppress. On August 30, 2004, the Court sentenced Wyatt to 262 months imprisonment, eight years supervised release, a fine of $500.00 and a special assessment of $100.00 (***Id.* at Doc. 44**). A Sentencing Order and Judgment reflecting the same were entered on August 31, 2004 (***Id.* at Docs. 43 & 47**). On August 24, 2004, Wyatt filed his notice of appeal (***Id.* at Doc. 48**). The Seventh Circuit affirmed Wyatt's conviction and sentencing on May 16, 2005. ***See United***

*States v. Wyatt*, **133 Fed. Appx. 310 (7th Cir. 2005)**.[1] Thereafter, Wyatt filed this § 2255 petition on April 26, 2006 (Doc. 1). On October 11, 2006, Wyatt filed a supplement to his petition (Doc. 4). Wyatt raises a slew (twenty-nine to be exact) of arguments regarding ineffective assistance of counsel during his criminal case.[2] On February 5, 2007, the Government filed its opposition (Doc. 12). Wyatt filed a reply on February 28, 2007 (Doc. 13).[3]

## II. <u>Analysis</u>

**28 U.S.C. § 2255** provides:

> A prisoner in custody under sentence of a court established by the Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 was enacted to provide the court of the district in which a defendant is *sentenced* the same remedies available by habeas corpus proceedings to the court of the district in which a prisoner is *confined*. **Hill v. United States, 368 U.S. 424, 427 (1962)**. The grounds for relief under § 2255 are considerably

---

[1] In its Order affirming the Court's denial of the suppression motion and affirming Wyatt's sentence and conviction the Seventh Circuit set forth the testimony of the suppression hearing. *See* **United States v. Wyatt,** 133 Fed.Appx. at 311.

[2] Wyatt was represented by retained attorney Nishay K. Sanan during both the trial court and appellate court proceedings.

[3] The Court notes that Wyatt's petition (Doc. 1) and supplement (Doc. 4) do not contain any case law to support his arguments. His reply contains case citations (Doc. 13).

more narrow than the grounds for relief on direct appeal. Relief under Section 2255 is "reserved for extraordinary situations." ***Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996),** *citing* ***Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)**. A criminal defendant may attack the validity of his sentence under Section 2255 only if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

**28 U.S.C. § 2255;** ***Prewitt*, 83 F.3d at 816**. However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." ***Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995);** *see also* ***Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994)**. Therefore,

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

***Prewitt*, 83 F.3d at 816 (emphasis in original).** *See also* ***Reed v. Farley*, 512 U.S. 339, 354 (1994)**. The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised

on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal."

***Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992),** *overruled on other grounds*, **Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)**.

Furthermore, a petitioner filing a petition pursuant to **28 U.S.C. § 2255** must state specific facts which describe each ground for relief so that the district court may tell from the face of the petition whether habeas review is warranted. ***See Rule 2(b) of the Rules Governing § 2255 Cases;*** *see also Adams v. Armontrout,* **897 F.2d 332, 334 (8th Cir. 1990)(§ 2254 petition)**. A § 2255 petition cannot stand on vague and conclusory assertions of a constitutional violation; rather, the petition must set forth facts with sufficient detail to point the district court to the real possibility of a constitutional error. ***See Oliver v. United States,* 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992)(holding that a district court may deny a § 2255 motion without a hearing "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court.");** *see also Shah v. United States,* **878 F.2d 1156, 1161 (9th Cir. 1989)(holding that vague or conclusory allegations warrant summary dismissal of § 2255 claims);** *see also United States v. Aiello,* **814 F.2d 109, 113-14 (2nd Cir. 1987)(holding that a § 2255 petition must be based on more than "[a]iry generalities, conclusory assertions and hearsay statements.");** *see also United States v. Unger,* **635 F.2d**

**688, 691 (8th Cir. 1980) (holding that "[c]onclusory assertions that a defendant's pleas were involuntary and coerced are insufficient.")**. Because Wyatt is not represented by counsel, his motion must be liberally construed. ***Blake v. United States*, 841 F.2d 203, 205-06 (7th Cir. 1998)**. With these principles in mind, the Court addresses the merits of Wyatt's petition/motion.

Here, Wyatt has not presented any evidence or argument meriting either a hearing or relief under § 2255 on his Sixth Amendment ineffective assistance of counsel claims. To establish a claim of ineffective assistance of counsel, a petitioner must show two things. *First,* the petitioner must show that his counsel performed in a deficient manner. ***Strickland v. Washington,* 466 U.S. 668, 687 (1984)**. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representations fell below an objective standard of reasonableness." ***Id.* at 687-688**. A court, in reviewing a petitioner's claim of ineffective assistance of counsel, must give great deference to the attorney's performance due to the distorting effects of hindsight. ***Id.* at 689**. In addition, the petitioner must overcome a strong presumption that the attorney's conduct falls within a wide range of reasonable professional assistance. ***Id.*** *Second*, the petitioner must show that counsel's deficient performance prejudiced him. ***Id.* at 687**. A petitioner must show that counsel's errors "actually had an adverse effect on the defense." ***Id.* at 693**. Further, the Supreme Court has held that a defendant must show that counsel's errors rendered the proceedings "fundamentally unfair or

unreliable" in addition to simply showing prejudice. ***Lockhart v. Fretwell*, 506 U.S. 364 (1993)**.

**Claim 1**

Wyatt argues that his retained counsel was ineffective by failing to timely file a writ of certoriari to the Supreme Court. The Court rejects this argument as a ground for ineffective assistance of counsel. **See *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982)("In *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), this Court held that a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in this Court. … Since respondent had no constitutional right to counsel, he could not have been deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely.")**. Furthermore, this Court lacks the authority to reinstate Wyatt's appeal right to the United States Supreme Court. Therefore, the Court denies Wyatt's motion based on this claim.

**Claim 2**

Wyatt claims that his counsel was ineffective for not challenging the K-9's training records. The Court also rejects this argument. Even had Wyatt's counsel challenged the dog's training, it would not have changed the outcome of the Court's ruling on the suppression issue. This cannot be a basis for ineffective assistance of counsel. Thus, the Court denies this claim.

### Claims 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, & 27[4]

In all of these claims, Wyatt basically claims that his counsel was ineffective for failing to ensure that the suppression hearing record was correct. These claims are without merit. The Court reviewed the suppression pleadings, heard and saw the evidence presented at the suppression hearing and evaluated the witnesses. Based on those things, the Court made an informed decision regarding the validity of the traffic stop and denied the motion to suppress. Moreover, the Seventh Circuit affirmed the Court's denial of the suppression motion. Therefore, these claims cannot serve as grounds for ineffective assistance of counsel and are denied.

### Claims 15 & 18

In claim 15, Wyatt claims that his "counsel was ineffective when he failed to ensure that my criminal history was properly reflected at the sentencing hearing." Specifically, Wyatt contends that this failure caused him to be enhanced as a career offender and that he would not have pled if counsel had not assured him that he would not receive a habitual criminal enhancement. In claim 18, Wyatt argues that counsel was "ineffective because he was unfamiliar with United States v. Bryant, that doomed me to a career offender sentence." He contends that he would not have plead guilty to any possible sentence that could be affected by ***United States v.***

---

[4]The Court groups these claims together as Wyatt's arguments regarding these claims challenge the accuracy of the evidence produced at the suppression hearing and the Court's findings.

***Bryant*, 310 F.3d 550 (7th Cir. 2002)**. The Court rejects these claims. First, Wyatt does not offer any support for his allegation that his attorney did not advise him of these facts. ***See McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996)(petitioner must present objective evidence that he would not have entered the guilty plea; his own self-serving testimony is not enough)**. Therefore, his claim of ineffective assistance of counsel on these grounds do not succeed. ***See United States v. Jordan*, 870 F.2d 1310, 1318 (7th Cir.), cert. denied, 493 U.S. 831 (1989)(holding that even assuming that petitioner's counsel should have advised petitioner of possible consequences of his plea, petitioner has the burden to offer evidence to support the bare allegations that his counsel failed to advise him of these possibilities)**. Furthermore, the Seventh Circuit held the following:

> In *Barnes*, the defendant's lawyer failed to inform him that if he pled guilty, he would be classified as a career offender, and thus subject to a much greater punishment than the lawyer predicted. We held that even a "mistake that great" was insufficient to establish a constitutional violation.

***United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999)**.

In addition, Wyatt's argument is belied by his own statements at the change of plea hearing which are presumed truthful. ***See United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998)**. Even after Wyatt acknowledged that he had read the plea agreement, the Court went through the agreement with him to ensure that he understood it. Furthermore, the following occurred:

> THE COURT: Are you pleading guilty of you own free will, sir, because you know you are guilty?
> Defendant Wyatt: Yes.
> THE COURT: And the reason why we ask that question, Mr. Wyatt, is because it's incumbent upon me as a judge not to accept a plea from somebody that doesn't believe they are guilty.
> DEFENDANT WYATT: I'm aware of that.
> THE COURT: You understand that. And that's why I ask that question. And so, you are pleading guilty because you know you are guilty?
> DEFENDANT WYATT: Correct.

(Plea Transcript: p. 9, lines 9-20). The Court also informed Wyatt that it would not be able to determine the guideline impact for the sentence in his case until after the Presentence Report was prepared and the Court reviews the objections of the parties and that the sentence that results from that may be different from the one provided by counsel. (Plea Transcript: p. 12, lines 6-16). Moreover, Wyatt acknowledge that in exchange for the conditional plea, another criminal case out of the District of Arizona for conspiracy would be dismissed (Plea Transcript; ps. 23-24). Wyatt was aware of the consequences and the benefits of entering into the conditional plea agreement with the Government and decided to plea guilty. The Court denies these claims.

**Claim 16**

Next, Wyatt claims that counsel failed "to advise me as to the nature of the charge and the consequences of my plea, especially in light of Blakely and Booker." Here, Wyatt entered into a conditional plea to the charges on May 24, 2004 before either ***Blakely*** or ***Booker*** was decided, thus, counsel could not have advised

Wyatt about these cases at that time.[5] Furthermore, the transcript from the change of plea hearing clearly demonstrates that Wyatt was informed about the nature of the charges against him and the consequences of pleading guilty. In addition, Wyatt's counsel did raise these **Blakely/Booker** objections at both the trial level (sentencing) and appellate level. Also in this claim, Wyatt raises the issue of the career offender. The Court further rejects this claims for the same reasoning utilized in claims 15, 18, 19 & 24 (see below).

**Claim 17**

Wyatt also asserts that his counsel was ineffective by allowing him to be sentenced to an alternative sentence as the Court lack the authority to do so. The Court finds that this argument lacks merit. At the time of Wyatt's sentencing, the Court, in all of its criminal cases, issued alternative sentences as recommended by the Seventh Circuit Court of Appeals in **Booker, 375 F.3d at 515**. Following this recommendation, the Court issued Wyatt an alternative sentence (***United States v. Wyatt*, 02-CR-30060; Doc. 43)**.[6] On January 12, 2005, the Supreme Court entered its Opinion in ***United States v. Booker*, 534 U.S. 220 (2005)**, in which the Court found that the United States Sentencing Guidelines were advisory. The alternative

---

[5]Wyatt is referring to ***Blakely v. Washington*, 542 U.S. 296 (2004)(facts, except for prior convictions, that increase a "statutory maximum" must be admitted or proven beyond a reasonable doubt to a jury)** and ***United States v. Booker*, 375 F.3d 508 (7th Cir. 2004) (Seventh Circuit interpreted the 6th Amendment right discussed in *Blakely* to apply to federal sentencing guidelines)**.

[6]The Seventh Circuit noted that the Court in issuing its alternative sentence "consulted the factors listed in 18 U.S.C. § 3553(a)." ***United States v. Wyatt*, 133 Fed.Appx. at 313**.

sentence in this case never took effect.[7]  Therefore, Wyatt's counsel was not ineffective for "allowing" Wyatt to be sentenced alternatively and the Court did not err by sentencing him alternatively.

**Claims 19 & 24**

In claim 19, Wyatt argues that counsel was ineffective "by not advising me of the possibility of career enhancement was not discussed as affecting me." and in claim 24, Wyatt argues that "counsel was ineffective due to the failure of counsel to even suggest the subject of an enhancement prior to the plea hearing."  Again, the record reveals the opposite – that Wyatt was aware of the Government's enhancement prior to him entering his conditional plea, during the change of plea hearing and prior to his sentencing.  On August 7, 2003, the Government filed its notice of intent to seek enhanced penalties charging prior convictions (Doc. 20).  This enhancement information was filed over nine months *before* Wyatt entered his conditional plea on May 24, 2004 and over a year *before* Wyatt was sentenced on August 30, 2004.  Moreover, the following colloquy took place during Wyatt's conditional change of plea:

> THE COURT: Okay.  Now, the charge in this case is possession with the intent to distribute marijuana in excess of 100 kilograms of marijuana, this in violation of 21 United States Code, Section 841(a)(1).  The statutory penalty is a minimum five years, maximum 40 years imprisonment, fine up to two million dollars, and at least four years Supervised Release.
> Now that's a mandatory minimum five years, if I'm not mistaken.

---

[7] Wyatt's alternative sentence was the same as his original guideline sentence  - 262 months imprisonment.

> Correct, Mr. Friederich?
> MR. FRIEDERICH: Well, Your Honor, actually the Government has filed a Notice of Enhancement under Section 851, 21 U.S.C. 851, so actually in this case would raise the penalties to a term of ten years to life, a fine of up to four million dollars, and at least eight years of Supervised Release.
> THE COURT: Okay, so there you have the maximums, including a mandatory minimum of ten years. So, bottom line here is you're certainly not eligible for probation, and you have that mandatory minimum, as we just mentioned. I'm confident – or, should I ask, I take it there is no restitution issues here, Mr. Friederich, correct?
> R. FRIEDERICH: Correct, Your Honor.
> THE COURT: Is there a forfeiture of property issue in this case?
> MR. FRIEDERICH: No, Your Honor.
> THE COURT: Okay. One Count, $100 Special Assessment will be lodged against you. There is no parole in the federal system. When sentenced to prison, you're not released early for purposes of parole. Do you believe you understand all of these consequences of a plea of guilty, Mr. Wyatt?
> DEFENDANT WYATT: Yes, sir.
> THE COURT: Okay. Now, have you and your lawyer talked about the Sentencing Guidelines and how they might apply in your case?
> DEFENDANT WYATT: Yes, we have.
> THE COURT: Okay. Now, it's quite likely that the mandatory minimum of ten years will – could very well kick in, but its also possible that the Guidelines may apply for a sentence that's in excess of the mandatory minimum of ten years. But I don't know as I sit here today; and you understand that. True?
> DEFENDANT WYATT: I understand that.
> THE COURT: Okay. So, I won't be able to determine the guideline impact for the sentence in your case until after a Presentence Report has been completed and you and the Government have had an opportunity to challenge the reported facts and the application of the Guidelines recommended by the probation officer, and that the sentence that results from that calculation may well differ from the estimate that Mr. Sanan has provided to you.
> Do you understand that, sir?
> DEFENDANT WYATT: I do understand that, yes, sir.

(Plea Transcript: ps. 10-12, lines 13 to 16). Obviously, Wyatt was aware of enhancement prior to and during the change of plea hearing. The Court clearly

explained this to Wyatt. Wyatt could have chosen not to enter into a conditional plea. Therefore, the Court denies this claim.

**Claim 20**

Wyatt contends that his counsel was ineffective in failing to ensure that the proper sentencing manual was used at sentencing. This claim has no merit. The Court used the proper sentencing manual and the relevant Seventh Circuit case law in determining Wyatt's sentence. Thus, the Court rejects this claim.

**Claim 21**

Also, Wyatt claims that his counsel was ineffective by not objecting to the Court's statements which Wyatt feels demonstrate prejudice towards him. A review of the record clearly demonstrates that the Court does not harbor any prejudice towards Wyatt. Therefore, his counsel cannot be faulted for not making such an objection. Therefore, the Court denies this claim.

**Claim 22**

Wyatt claims that his counsel was ineffective in failing to correct his history for sentencing purposes. Here, Wyatt wanted his counsel to inform the Court that in his prior conviction for marijuana he was a minimal participant. He also ties into this claim arguments regarding the half-way house escape and the career offender. The Court rejects this claim as without merit and irrelevant. The Court properly examined the Presentence Report, heard objections and made findings regarding the Presentence Report and correctly applied the guidelines in this case.

The Court sentenced Wyatt to the low end of the guideline range. The Court denies this claim.

**Claim 23**

Wyatt also claims that his counsel was ineffective for failing to object to the figure in the Presentence Report regarding the quantity of positive urinalysis abuse. Wyatt argues that had the Presentence Report been correct, it would have shown that he had dozens and dozens of positive urinalyses tests for cocaine. Wyatt maintains that this would have shown that he did not have the right state of mind when he walked away from the half-way house. The Court rejects this argument as meritless and as irrelevant. As the Seventh Circuit noted:

> We have previously rejected Wyatt's contention because of the ever-present potential for escape to be violent. *See, e.g., United States v. Howze*, 343 F.3d 919, 921-22 (7th Cir. 2003); *Bryant*, 310 F.3d at 553-55; *United States v. Franklin*, 302 F.3d 722, 724 (7th Cir. 2002); *United States v. Nation*, 243 F.3d 467, 472 (8th Cir. 2001); *see also United States v. Rosas*, 401 F.3d 843, 845 (7th Cir. 2005)(same definition of crime of violence for career offender adjustment and Armed Career Criminal Act). And the Supreme Court's recent decision in *Shepard v. United States*, 125 S.Ct 1254 (2005), would seem to support the continued categorical consideration of escape as a crime of violence based on its warning against finding facts beyond judicial record. *See Shepard*, 125 S.Ct at 1261.

***United States v. Wyatt*, 133 Fed.Appx. at 316**. This cannot be a basis for ineffective assistance of counsel. The Court denies this claim.

**Claim 25**

Next, Wyatt argues that his counsel should have insisted "that there be a custody chain as to the evidence submitted against me." He seems to be arguing

that the Government should have been required to establish that his fingerprints were on the marijuana bundles. Again, this argument is without merit. Whether or not Wyatt's fingerprints were on the marijuana bundles is irrelevant. The police stopped the vehicle that Wyatt was driving and found the marijuana in his possession. Therefore, there was no need for the Government to prove that Wyatt had touched the marijuana bundles and as such there was no basis for his lawyer to make such an argument. The Court denies this claim.

**Claim 26**

Wyatt argues that counsel was ineffective for failing to argue that his role was minimal. The facts of this case prove otherwise and his lawyer cannot be faulted for not making this argument. The police stopped the vehicle that Wyatt was driving and found in his possession 128 kilograms of marijuana. Wyatt was charged with possession with the intent to deliver. How can this conduct be considered minimal? The Court also denies this claim.

**Claim 28**

Next, Wyatt claims that his "counsel was ineffective due to his failure to ensure that the sentencing factors and findings be properly referenced by the court to satisfy the criteria reflecting its intensions [sic] per Title 18 §3553(a) and per Title 18 §3552 for the alternative sentence imposed in secondary fashion." The Court rejects this argument. Again, a review of the record clearly demonstrates that there is no basis for this claim. Thus, this cannot stand as a claim of ineffective assistance of counsel.

**Claim 29**

Lastly, Wyatt claims that his counsel was ineffective and the Court erred in not advising him that the Court intended to depart upward at his sentencing. A review of the record indicates that the Court did not depart upward in this matter. In fact, the record reveals that the Court overruled Wyatt's objection to a U.S.S.G. § 4B1.1 enhancement for a career offender and that the Court denied Wyatt's motion for downward departure. Therefore, this claim must fail also.

In the instant case, the Court cannot say that Wyatt's counsel's performance significantly prejudiced him or that his counsel's representation fell below an objective standard of reasonableness. Contrary to Wyatt's assertions now, his counsel did file a motion to suppress, objections to the PreSentence Investigation Report and a motion for downward departure. Furthermore, his counsel did object many times during the suppression hearing. Thus, Wyatt's counsel cannot be faulted for failing to raise an issue which he did, in fact, raise. The Court finds that Wyatt's claims that his counsel was ineffective are without merit. Wyatt's bald assertions (which are either not true or not supported by the record) that his counsel was ineffective are insufficient basis to grant him the relief he seeks. "An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." ***United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001);** *Fuller v. United States*, **398 F.3d 644, 652 (7th Cir. 2005)(finding that a claim of ineffective assistance unsupported by**

**"actual proof of [his] allegations" cannot meet the threshold requirement for purposes of § 2255)**. The Court concludes that Wyatt's attorney was not ineffective in representing Wyatt in his criminal matter. In fact, the Court finds that his actions were reasonable and sound in light of the facts and circumstances.

Thus, the Court rejects Wyatt's **28 U.S.C. § 2255** petition/motion. Finally, the Court notes that letting Wyatt's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, **477 U.S. 478, 495 (1986)**.

### III. Conclusion

Accordingly, the Court **DENIES** Wyatt's 28 U.S.C. § 2255 petition/motion. The Court **DISMISSES with prejudice** Wyatt's 28 U.S.C. § 2255 petition/motion and **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DENIES** Wyatt's motion to appoint counsel (Doc. 18); motions for hearing (Docs. 18 & 23) and **DENIES as moot** Wyatt's motion for discovery (Doc. 14); motion for summary judgment and to vacate (Doc. 16); motion for order (Doc. 20) and motion to expedite decisions in motions for summary judgment (Doc. 23).

**IT IS SO ORDERED.**

Signed this 7th day of February, 2008.

/s/ David R Herndon
**Chief Judge**
**United States District Court**