IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN M. WYATT**,

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.                                            No. 06-0332-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On February 7, 2008, the Court dismissed with prejudice Wyatt's 28 U.S.C. § 2255 petition (Doc. 24). The next day, the Clerk of the Court entered Judgment reflecting the same (Doc. 25). On February 25, 2008, Wyatt filed his notice of appeal and application requesting certificate of appealability (Docs. 26 & 27). Based on the following the Court denies Wyatt's request for a certificate of appealability

Under 28 U.S.C. § 2253, a habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. ***See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003)**. "The purpose of requiring a certificate of appealability is to conserve judicial resources by screening out clearly unmeritorious appeals." ***Buie v. McAdory,* 322 F.3d 980, 981 (7th Cir. 2003)**.

A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. **_Miller-El,_ 537 U.S. at 336; _Cosby v. Sigler,_ 435 F.3d 702, 708 (7th Cir. 2006)**. Under this standard, McCabe must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. "**_Miller-El,_ 537 U.S. at 336 (quoting _Slack v. McDaniel,_ 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000))**. While a petitioner seeking a COA need not demonstrate that he will prevail on appeal, he "must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." **_Miller-El,_ 537 U.S. at 338 (internal quotation marks and citation omitted)**.

Upon view of the record, the Court finds that pursuant to the § 102 of the Antiterrorism and Effective Death Penalty Act of 1996, **28 U.S.C. § 2253**, the Court certifies that Wyatt has not made a substantial showing in his motion under **28 U.S.C. § 2255** of the denial of a constitutional right, and therefore, **DECLINES** to issue a certificate of appealability. Accordingly, the Court **DENIES** Wyatt's motion for certificate of appealability (Docs. 26 & 27).

**IT IS SO ORDERED.**

Signed this 27th day of February, 2008.

/s/     *David R Herndon*
**Chief Judge
United States District Court**