IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN M. WYATT**,

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**                                                          **No. 06-0322-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On February 7, 2008, the Court dismissed with prejudice Wyatt's 28 U.S.C. § 2255 petition (Doc. 24). The next day, the Clerk of the Court entered Judgment reflecting the same (Doc. 25). Thereafter, the Court denied Wyatt's request for certificate of appealability on February 27, 2008 (Doc. 29). Now before the Court is Wyatt's motion to proceed in forma pauperis on appeal (Doc. 33). Based on the following the Court grants Wyatt's motion.

**Federal Rule of Appellate Procedure 24(a)** provides:

> A party ... who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows ... the party's inability to pay or give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to appeal.

**FED. R. APP. 24(a)**. A party may not proceed *in forma pauperis* if the district court certifies that the appeal "is not taken in good faith." **28 U.S.C. § 1915(a)(3); FED.**

R. APP. P. 24(a). As discussed in the Court's February 27, 2008 Order, the Court has concluded that Wyatt has failed to make a substantial showing of the denial of a constitutional right so as to warrant a grant of a certificate of appealability. However, the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith for purposes of proceeding in forma pauperis on appeal. **See Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000)**. To conclude that an appeal is in good faith, "a court need only find that a reasonable person could suppose that the appeal has some merit." *Id.* at 632 **(citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000))**. Thus, an unsuccessful movant for relief may proceed in forma pauperis on appeal even after a district court has denied issuance of a certificate of appealability. ***See id.* (concluding that an appeal can be taken in good faith even though a certificate of appealability has been denied)**. In the instant case, the Court believes that, although Wyatt's asserted grounds for appeal are meritless, they have been raised in good faith. Therefore, the Court will not certify that Wyatt's appeal is taken in bad faith. Thus, the Court **GRANTS** Wyatt's motion for leave to proceed in forma pauperis on appeal (Doc. 33).

        **IT IS SO ORDERED.**

        Signed this 12th day of March, 2008.

        /s/      *DavidRHerndon*
        **Chief Judge**
        **United States District Court**