IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN M. WYATT**,

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.                                                    No. 06-0322-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is Wyatt's motion to vacate judgment and grant motion for summary judgment, in motion to vacate conviction (28 U.S.C. § 2255) based on new law: FedRCivP., Rule 56(e)(2); FedECivP., Rule 60(b)(4) (Doc. 40). Wyatt's appeal is currently pending in the Seventh Circuit, a notice of appeal having been filed on February 25, 2008 (Doc. 26). Because the case is currently "at" the Court of Appeals and no mandate has issued, this Court lacks jurisdiction to grant the relief sought by Wyatt. In ***Kusay v. United States of America*, 62 F.3d 192 (7th Cir. 1995)**, the Seventh Circuit acknowledged:

> A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

***Id.* at 193, *quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)**. As this rule applies only to "those aspects of the case involved in the appeal," the district court *may* -- while a case is on appeal -- award attorneys' fees and address ancillary questions like costs, registration of judgments and motions for certificates of probable cause. ***Id.***

Here, however, Wyatt's motion is directed straight to the merits of the order appealed from and falls squarely within the holding of **Kusay**. As that Court explained, "jurisdiction is power to act, and it is essential to have clear rules that define who … possesses this power" at any given time. ***Id.* at 194**. Those rules strip this Court of jurisdiction while the appeal is pending. Accordingly, this Court **DENIES** Wyatt's motion (Doc. 40), because this Court lacks jurisdiction over this matter until the appellate mandate has been issued.

**IT IS SO ORDERED.**

Signed this 22nd day of April, 2008.

/s/    *David R Herndon*
**Chief Judge**
**United States District Court**