IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN M. WYATT**,

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**                                      No. 06-0322-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Procedural Background

Pending before the Court are several motions filed by Wyatt: petitioner's in pro-se motion for reconsideration of Rule 60(b)(4) motion, due to the Court's use of inferior law and precedent contrary to the United States Supreme Court, and rendering the Court's April 22, 2008 a void judgment (Doc. 42); petitioner's notice and motion for modification of sentence, based upon new Supreme Court law resolving prior conflict (Doc. 47); petitioner's ex parte motion for release from custody, without surety, or in the alternative, on home detention pending final review on motion for modification of sentence, based upon new Supreme Court law (Doc. 48); petitioner's conditional request for certificate of appealability (Doc. 49); notice and motion for judicial review and finding under Rule 60(b)(4) as per 7th Circuit Court of Appeals concurrence with petitioner (Doc. 52); motion to correct filing error

on petitioner's motion for modification of sentence (Doc. 53) and motion for correction of the Court's May 29, 2008 Order, in prevention of further malversation by the Court, and that the record be preserved for appeal for potential appellate review (Doc. 54). The Government opposes Wyatt's motions in a motion to deny petitioner's various claims for relief based on lack of jurisdiction (Doc. 57). Based on the following, the Court **DISMISSES for lack of jurisdiction** all of Wyatt's motions.

On May 24, 2004, Wyatt entered a plea of guilty, pursuant to a conditional plea agreement, to possession with the intent to distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) (***United States v. Wyatt*, 02-30060-DRH; Docs. 31 & 32**). The conditional plea agreement specifically reserved the right to appeal the Court's denial of Wyatt's motion to suppress. On August 30, 2004, the Court sentenced Wyatt to 262 months imprisonment, eight years supervised release, a fine of $500.00 and a special assessment of $100.00 (***Id.* at Doc. 44**). A Sentencing Order and Judgment reflecting the same were entered on August 31, 2004 (***Id.* at Docs. 43 & 47**). On August 24, 2004, Wyatt filed his notice of appeal (***Id.* at Doc. 48**). The Seventh Circuit affirmed Wyatt's conviction and sentence on May 16, 2005. ***See United States v. Wyatt*, 133 Fed. Appx. 310 (7th Cir. 2005)**.

Thereafter, Wyatt filed a § 2255 petition on April 26, 2006 (Doc. 1). On October 11, 2006, Wyatt filed a supplement to his petition (Doc. 4). Wyatt's petition

raised a mickle (twenty-nine to be exact) of arguments regarding ineffective assistance of counsel during his criminal case. On February 5, 2007, the Government filed its opposition to the petition and supplement (Doc. 12). Wyatt filed a reply on February 28, 2007 (Doc. 13).[1] On February 7, 2008, the Court denied Wyatt's § 2255 petition in its entirety and dismissed it with prejudice (Doc. 24). The next day, the Clerk of the Court entered judgment reflecting the same (Doc. 25).

On February 25, 2008, Wyatt filed his notice of appeal and application requesting certificate of appealability (Docs. 26 & 27). The Court denied Wyatt's motion for certificate of appealability on February 27, 2008 (Doc. 29) and granted Wyatt leave to proceed in forma pauperis on appeal on March 12, 2008 (Doc. 36). Subsequently, Wyatt filed a notice of motion and motion to vacate judgment and grant motion for summary judgment, in motion to vacate conviction (28 U.S.C. §2255) based on new law; FedRCivP., Rule 56(e)(2); FedRCivP., 60(b)(4) (Doc. 40).[2] The Court denied Wyatt's motion bases on lack of jurisdiction on April 22, 2008 (Doc. 41).

Thereafter, Wyatt filed a motion to reconsider and a writ of mandamus as to the Court's denial of his motion to vacate (Docs. 42 & 43, respectively). On May

---

[1]After the parties finished briefing Wyatt's § 2255 petition and prior to the Court denying Wyatt's § 2255 petition, Wyatt filed a motion for summary judgment on November 11, 2007 (Doc. 16).

[2]In this motion, Wyatt argued that the motion to vacate is based on a new law that he just learned of contained in the 2008 Edition of the Federal Rules of Civil Procedure that was recently placed on the shelf in the law library. Wyatt contends the Court erred in denying as moot his summary judgment motion because the U.S. Attorney failed to respond to his motion for summary judgment and, thus, summary judgment should have been entered in his favor and against the United States.

23, 2008, the Seventh Circuit issued an Order as to Wyatt's request for mandamus stating:

> The following is before the court: **PETITIONER IN PRO-SE WRIT OF MANDAMUS FOR REMAND TO DISTRICT COURT FOR DECISION ON MOTION PER FED.R.CIV.P., RULE 60(b)(4), PENDING CERTIFICATE OF APPEALABILITY IN 28 U.S.C. 2255 ACTION**, filed on May 12, 2008, by the pro se petitioner.
> The district court has jurisdiction after an appeal has been filed to either deny a Rule 60(b) motion or to indicate its inclination to grant such a motion. See Boyko v. Anderson, 185 F.3d 672, 675 (7th Cir. 1999). If the district court indicates its inclination to grant the motion, the petitioner may file a motion pursuant to Circuit Rule 57 and this court will remand the case. Accordingly,
> **IT IS ORDERED** that any request for mandamus relief is unnecessary and this appeal is **DISMISSED**.

(Doc. 44).

Wyatt then filed three motions seeking all sorts of relief: a modification of his sentence; release from custody and a certificate of appealability on May 28, 2008 (Docs. 47, 48 & 49, respectively). The next day, the Court entered an Order directing Wyatt to address the Court's jurisdiction regarding the pending motions and allowing the United States time to respond to Wyatt's response (Doc. 51). A couple of days later, Wyatt filed a motion for judicial review and finding under Rule 60(b)(4), as per 7th Circuit Court of Appeals Concurrence with petitioner on June 2, 2008 (Doc. 52). After that, Wyatt filed two more motions on June 13, 2008: a motion to correct filing error on petitioner's motion for a modification of sentence FRCVP, Rule 8, 60(a) (Doc. 53) and a motion for correction of the Court's May 29, 2008 Order in prevention of further malversation by the Court, and that the record

be preserved for potential appellate review FedRCivP., Rules 60(a), 60(b)(1) and (3) (Doc. 54).  The Court now turns to address Wyatt's various motions.

## II. <u>Analysis</u>

As to Wyatt's several motions to reconsider regarding the Court's "blanket" denial of his summary judgment, the Court denies these for lack of jurisdiction.  In a nutshell, Wyatt argues that since the Government did not respond to his summary judgment motion, he is entitled to summary judgment in his favor and against the Government on his § 2255 petition and that the Court erred when it denied as moot his motion for summary judgment.  The Court notes outright that it regrets not addressing in detail why it did not consider Wyatt's motion for summary judgment in its Order denying and dismissing with prejudice Wyatt's 2255 petition as it has now invested many hours addressing Wyatt's meritless motions on this topic.  However, the Court's decision not to address that motion and the Government's failure to respond to the motion do not make Wyatt's summary judgment motion proper or valid.  As provided in the Rules, the standard procedure in any habeas corpus proceeding is that the petitioner files his or her petition with the district court, the Government then files a response to the petition (if the petition is not summarily dismissed beforehand) and in most cases the petitioner files a reply brief.  Once those steps have occurred, the petition is considered fully briefed and it is ready for the Court to render its decision.  That is what happened in this case.  The Court in a very thorough opinion addressed the merits and denied Wyatt's § 2255 petition.  Thus, the Court does not have jurisdiction to consider these motions.

Even if the Court did have jurisdiction to consider these motions, the Court finds that its decision denying and dismissing with prejudice Wyatt's case and the decision to deny as moot as the summary judgment was proper. Based on the record, the Court finds that Wyatt is not entitled to summary judgment. Accordingly, the Court denies for lack of jurisdiction: Wyatt's petitioner's in pro-se motion for reconsideration of Rule 60(b)(4) motion, due to the Court's use of inferior law and precedent contrary to the United States Supreme Court, and rendering the Court's April 22, 2008 a void judgment (Doc. 42); notice and motion for judicial review and finding under Rule 60(b)(4) as per 7th Circuit Court of Appeals concurrence with petitioner (Doc. 52); and motion for correction of the Court's May 29, 2008 Order, in prevention of further malversation by the Court (Doc. 54).

As to Wyatt's remaining motions: petitioner's notice and motion for modification of sentence, based upon new Supreme Court law resolving prior conflict (Doc. 47); petitioner's ex parte motion for release from custody, without surety, or in the alternative, on home detention pending final review on motion for modification of sentence, based upon new Supreme Court law (Doc. 48); request for conditional request for certificate of appealability (Doc. 49) and motion to correct filing error on petitioner's motion for a modification of sentence (Doc. 53), the Court also dismisses these motions for lack of jurisdiction.[3]

---

[3]In these pleadings, Wyatt argues that modification of his sentence is proper based on the following:
"At the time of sentencing, Petitioner was properly enhanced based upon disparity in ruling between the circuits, related to this Petitioner's failure to return timely from work to half-way house. ... The crime of violence being the aggravating catalyst which required this Court to

Generally, a post-judgment motion, such as these instant motions, that advance a new theory of relief after a § 2255 petition has been resolved constitutes a successive petition subject to the certification requirement of § 2255. ***Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)**; ***Burris v. Parke*, 130 F.3d 782, 783 (7th Cir. 1997)**. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8. ***Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)**. There is no such certification in this case. Therefore, the Court does not have jurisdiction to consider these motions and **DISMISSES** them for **lack of jurisdiction**.

---

sentence Petitioner as a 'career offender.'
...
    BEGAY v. UNITED STATES, 533 U.S. ___ (2008), by a 6 to 3 margin states that; if the United States Congress did not specifically 'enumerate' an offense as a violent offense, sentencing courts may not enhance a defendant for offenses not identified specifically as such.
    This Court is asked to take Judicial Notice of the fact that the definition of a "crime of violence" under United States Sentencing Guidelines (USSG) § 4B1.2 does NOT spifically [sic] mention escape."
(Doc. 47, p. 5).

### III. Conclusion

Accordingly, the Court **DISMISSES for lack of jurisdiction** Wyatt's motions regarding his motions to reconsider the Court's "blanket" denial of his summary judgment (Docs. 42, 52 & 54). Further, the Court **DISMISSES for lack of jurisdiction** Wyatt's motion regarding his motions for modification based upon new Supreme Court law (Docs. 47, 48, 49 & 53). This matter is closed in this Court pending the Seventh Circuit Court of Appeals' decision.

**IT IS SO ORDERED.**

Signed this 10th day of October, 2008.

/s/     David R Herndon
**Chief Judge
United States District Court**